Nott, J.,
delivered the opinion of the court:
In October, 1865, 98 bales of cotton belonging to the government were stolen from an .assistant special agent of the Treasury in Mississippi. The agent thereupon employed the claimant to pursue and find the missing property, and agreed to give to him one-fourth of all that should be recovered as a reward.
*546 Tbe claimant accordingly, with, two assistants, and at his own ' cost, proceeded from Columbus, Miss., and traced the cotton to a place called West Point, where he recovered 23 bales; and he then traced the remainder of it to Mobile, where, with his information and assistance, the Treasury agent at that point was enabled to identify and recover 62 bales. The 23 bales were turned over by the claimant to the military officer commanding-the station whore they were recovered, and the agent was duly notified of the fact. The officer refused, however, to deliver them to the agent, and it does not appear whether they or their proceeds reached the Treasury. The 62 bales remained in possession of the Treasury agent at Mobile, who gave 15 of them to another person for assisting in their recovery. The remaining 47 bales were shipped to New York, sold, and their net proceeds, amounting to $6,464.50, were paid into the Treasury. The claimant has never received Ms reward, nor been compensated for his time, trouble, and expenses. He brings this suit to recover one-fourth of the value or proceeds of the cotton recovered through his instrumentality.
It is a general principle that tire lawful custodian of property has an implied authority to take all needful measures for its preservation if it be in peril, and for its recovery if it be lost or stolen. As between him and his principal, he may be responsible for the loss and liable for the expenses of recovering the property; but as between the owner and third persons that ques tion cannot be interposed by the owner if he first receives the fruit of their services by accepting the property which they have recovered on the faith of the promised reward. It is, of course, to be understood that the agreement must be in good faith, and that the reward offered must be reasonable.
This principle is necessarily applicable to the government; fbr, if third persons were required first to examine as to the public agent’s responsibility for the |oss, or to act only on the faith of his personal responsibility, the government, in cases of emergency, would be deprived of all effective assistance. There have been salvage cases where such agreements have been made with the salvors, and they have always been upheld by the court.
But while recognizing the applicability of the general principle to the property and agents of the government, the court is of *547 the opinion that in this case the reward offered was excessive and unreasonable. The property was of a nature easily traceable, and its value must have exceeded $10,000. To offer 25 per cent, of this as a reward for its recovery seems to the court to have been an abuse of the special agent’s authority and an excessive and unreasonable reward. Whether he had authority to pledge the property itself and agree to give payment in kind, is a question consequently not involved in the case and which we do not decide. The claimant rendered services to the government; the government has accepted and received the fruit of those services, and for them the claimant undoubtedly should be compensated. As compensation was made contingent upon success, the party is entitled to a more liberal measure of damages than if he and his assistants had been hired by the day and at the government’s risk. Upon the whole case, we are of the opinion that this compensation should be fixed at $750.
The judgment of the court is that the claimant recover of the defendants the sum of $750.
Drake, Oh. J., was absent when this case was heard, and took no part in the decision.